**GROCERS ICE & COLD STORAGE COMPANY et al., Appellants,**

v.

**JEFFERSON ICE & FUEL COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 7, 1958.

Tilford & Dobbins, Henry J. Tilford, Charles W. Dobbins, Stuart E. Alexander, Louisville, for appellants.

Peter, Heyburn & Marshall, John Marshall, Jr., Wallace & Hopson, Joe A. Wallace, Louisville, for appellee.

CAMMACK, Judge.

On the original appeal of this case, Jefferson Ice & Fuel Company v. Grocers Ice & Cold Storage Company, Ky., 286 S.W.2d 80, we held that Jefferson was entitled to treble damages for loss of business due to certain violations of KRS 365.050 by Grocers. We directed the trial court to ascertain and award damages. The complicated accounting questions involved required the appointment of a special commissioner to review the record and determine the damages to which Jefferson was entitled. When the special commissioner's report was completed a hearing was held, the damages were ascertained, and a judgment in the amount of $53,845.02 was entered for Jefferson. This appeal is from that judgment.

Grocers contends that reversal should be granted because (1) the method used in computing damages was erroneous, incomplete and speculative; (2) the evidence contradicts the trial court's implied finding as to the amount of sales lost; (3) there was a lack of proof concerning Jefferson's production capacity; and (4) the opinion in the original appeal is basically unsound and an exception to the law of the case rule should be made.

Grocers argues that the method used by the special commissioner in computing damages was erroneous because it failed to include variances in costs of production at Jefferson's three plants. On the other hand, testimony of expert witnesses shows that the commissioner's method was in accord with recognized standards of ice accounting. The commissioner used the same cost accounting theory as was described and used by Jefferson's accountant,

S. R. Stephens, when the case was first tried.

Jefferson operated its three plants as a unit and often produced ice at the main plant for sale at the branch plants. The evidence shows that it would have been virtually impossible to determine which plant produced the ice usually sold to the peddlers who left Jefferson and went to Grocers because of its unfair trade practices. The average overall cost of production was the most practical and feasible basis for ascertaining the damages from loss of sales occurring at any of the three plants. We think the damages were determined with reasonable certainty.

■ Grocers argues that it was error for the trial court to allow damages for all sales lost since the unfair practices reduced Jefferson's sales by only 627 blocks of ice. As we pointed out in the original appeal, some of the ice peddlers testified that they transferred their business to Grocers for reasons other than the unfair secret rebates. Only one peddler, the purchaser of 627 blocks of ice, stated unqualifiedly that he transferred his business because of the rebates. But we pointed out also that a *consideration of the entire testimony* convinced us that all of the peddlers who changed their patronage did so because of the anticipated rebate. Under the circumstances the trial court's finding to the same effect on this appeal was proper.

■ Grocers argues that Jefferson failed to show that it could have produced the ice for which it claimed damages for loss of sales. The evidence showed that, in previous years, Jefferson produced sufficient ice to meet the total tonnage required, and that it was not necessary to keep the branch plants in constant production. There was sufficient evidence to support a finding that Jefferson could have produced enough ice to supply both the customers they retained and the customers they lost due to Grocers' unfair trade practices.

■ Grocers' final argument is that our original opinion erroneously found that the rebates given were secret within the meaning of KRS 365.050, and that we should make an exception to the law of the case rule. See Union Light, Heat & Power Co. v. Blackwell's Adm'r, Ky., 291 S.W.2d 539, where we made such an exception in a negligence case. Grocers' argument concerning lack of secrecy was presented in its original briefs, in its petition for rehearing, and is now before us for the third time. The fact that the argument has increased in vigor with each restatement has not altered our belief that the rebates were made secretly and in violation of KRS 365.050. We find no basis for resort to an exception to the law of the case rule, and especially so because we believe the first opinion is correct.

Judgment affirmed.